By the Court :
The first question presented in this case has often occurred on the circuit. Several cases have recently been tried, in which it was determined that an equity can not be set up as a defense against the legal title, in an action of ejectment. The principle on which those cases were decided, is in conformity with the rule now settled at Westminster, and is supported ¡by the authority of decisions in many of the states. The eases cited in the argument are full to the point. We believe the safest general rule that can be adopted, is, to leave the equitable claimant to assert his right in a court of chancery, and were we at liberty now to consider this question as open, wé should feel bound both by ^precedent and expediency, to decide it against the defendant.
The general rule in England, in relation to notice, seems to be this: that no person is bound by law to give notice to another of that which such other may otherwise inform himself, except such notice be directed by act of Parliament. In ordinary cases no notice is necessary to the person against whom there is a legal demand, before the commencement of a suit for the recovery of that demand, because he is bound to do his duty, and to take notice of his peril, that he will be held responsible for the omission of it. In this case the defendant went into possession without a legal title, and without any authority from General Dayton, under whom the lessors of the plaintiff claim. He may, therefore, be considered in the light of an intruder, rather than as a person standing in the relation of a tenant to his landlord. Yiewed as a purchaser, he *243 does not come within the scope of the general rule; he has relied on his contract, and he can not be presumed to be ignorant of the law by which it is governed. He is therefore to be considered as having taken possession at his own risk, and bound to take notice of all the consequences resulting from his own act. He may be compared to the locator of a Virginia land warrant, who acts on his own information, takes on himself the whole risk of title, and is not protected by an averment of -wont of notice. -
But it is not necessary to investigate this point, with a view of showing that this case does not come within the class of cases in which notice has been held necessary by other courts. The doctrine of notice to quit, as it is applied in actions of ejectment, depends on statutory provisions, and on rules of courts, which have often been changed, and differ materially in different tribunals. The only notice required by the laws of this state, is a notice of ten days to the tenant in possession, before a plaintiff in ejectment can proceed to judgment against the casual ejector. This notice has been considered as legallygiven by the service of the declaration with the common notice attached, ten days before the first day of the term to which it is returned.
*We have no rule requiring any other, or different notice, and have never considered the rules adopted by other courts, or prescribed by the legislatures of other states or countries, as obligatory here.
Judgment for the plaintiff.†

 Note bx the Editoe. — That equitable title is no defense in ejectment, see also, i. 243; iii. 232; vi. 476; xi. 334; xiii. 260; xvi. 485; xiv. 307.
That no other notice than the statutory service of the declaration, in ejectment, is necessary, see also xvi. 485, where the case of Spencer v. Marckel is reaffirmed.
An equitable title alone will not support an action of ejectment, xiii. 260. A person having equitable title, accompanied by a right of possession,' may defend in ejectment, xvi. 485. Equitable title, with a right growing out of a previous possession, will support ejectment, xviii. 323.